**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Nikia FRANKLIN, Defendant–**
**Appellant.**

No. 04–20749.
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 27, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, Michelle Palacios, U.S. Attorney's Office, Southern District of Texas, McAllen, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Philip G. Gallagher, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM: *

Nikia Franklin appeals her sentence following her guilty-plea conviction for being a felon in possession of a firearm. Franklin argues that the district court committed reversible error when it sentenced her based on facts not admitted by her.[1] Although the Government argues that there was no Sixth Amendment violation, it concedes that the district court erred by sentencing Franklin under the mandatory guidelines scheme held unconstitutional in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The Government also concedes that Franklin preserved this issue through her objection in the district court based on *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and that it cannot show that this error was harmless beyond a reasonable doubt. *See United States v. Walters,* 418 F.3d 461, 464 (5th Cir.2005). Accordingly, we VACATE Franklin's sentence and REMAND to the district court for resentencing in accordance with *Book-*

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. Franklin also complains in passing that the district court relied on facts not charged in the indictment. To the extent that she raises a Fifth Amendment challenge, that argument is waived as inadequately briefed. *See* FED. R.APP. P. 28(a).

er.   *See United States v. Garza,* 429 F.3d 165, 170 (5th Cir.2005).